AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.   **ORDER OF DETENTION PENDING TRIAL**

JAMES M. ZIMMERMAN   Case Number: 08-20050–01-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 30, 2008   s/ David J. Waxse
   *Signature of Judicial Officer*

   DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
   *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. James M. Zimmerman
Criminal Action 08-20050-01-CM-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether or not there are conditions of release that will assure your appearance and protect the community. The specific factors are in 18 U.S.C. §3142(g).

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance. It clearly involves a controlled substance, so that is a negative factor.

The next factor is the weight of the evidence against you. We have a Grand Jury Indictment so that is a negative factor in terms that there has already been a determination of probable cause.

Next is the history and characteristics of the person, including your physical and mental condition. It appears, other than your prior drug problems, there is nothing that is a problem.

Your family ties appear positive with your common-law wife being here to support you.

Your employment is potential but not actual so that is unknown at this point whether you can actually get those jobs.

The next factor is your financial resources. There is no indication that you have substantial resources that would assist you in fleeing, so that is positive.

Your length of residence in the community is positive.

Your community ties are positive.

The next factor is your past conduct which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. You do have a somewhat extensive criminal history and there are indications of prior failures to appear which would all be negative.

The next factor is whether at the time of the current offense or arrest the person was on probation, parole, or other release. It appears you were which is obviously a negative.

Finally is the nature and seriousness of the danger to any person of the community that would be posed by your release. Any time we are talking about distributing methamphetamine that is a danger to the community.

Looking at all these factors in total, the key one for me is not only are there conditions I can set, but is it likely that you will comply with the conditions. This report does not give me enough confidence to set conditions so you will remain detained pending further hearing.